UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**FRANCIS D. SPELLICY,**

                                    **Plaintiff,**

    vs.                                                        6:19-CV-608
                                                                    (MAD/TWD)

**JOHN DOE #1,** *Debt Collector*,

                                    **Defendant.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**FRANCIS D. SPELLICY**
137 East Water Street, #10
Syracuse, New York 13202
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action *pro se* and *in forma pauperis*, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. *See* Dkt. No. 9. Specifically, Plaintiff alleges that the Defendant reported harmful information about his credit that it knew to be false, which resulted in the lowering of Plaintiff's credit score, in violation of 15 U.S.C. § 1681s-2(a). *See id.* Plaintiff further alleges that Defendant made numerous harassing telephone calls to him attempting to collect the alleged debt, which Plaintiff alleges he did not owe. *See id.*

On August 12, 2019, in an Order and Report- Recommendation, Magistrate Judge Dancks recommended that Plaintiff's original complaint be *sua sponte* dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted and as time-barred. *See* Dkt. No. 7. Plaintiff filed objections to the Order and Report-

Recommendation on August 23, 2019. *See* Dkt. No. 8. Prior to this Court acting on the Order and Report- Recommendation, Plaintiff filed an amended complaint on September 20, 2019, which "abandoned" his FDCPA claim as "too difficult to remedy." *See* Dkt. No. 9 at 1. Further, the Plaintiff's amended complaint "attempts to remedy issues of timeliness, diligence, and stating a claim per FRCA 15 U.S.C. [§] 1681s-2(b)." *See id.* Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff was entitled to amend his complaint once and, therefore, the amended complaint was referred by this Court for initial review and the August 12, 2019 Order and Report-Recommendation was terminated as moot. *See* Dkt. No. 10.

In an Order and Report-Recommendation dated June 9, 2020, Magistrate Judge Dancks recommended that Plaintiff's amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e) without leave to amend. *See* Dkt. No. 12. Specifically, Magistrate Judge Dancks found that Plaintiff's FCRA claim alleging what was construed as a violation of Section 1681s-2(b) should be dismissed because Plaintiff has not plausibly alleged either element of a Section 1681s-2(b) violation. *See id.* As to Plaintiff's contention that "equitable tolling" should apply to his FCRA claim in order to "remedy the timeliness issue", Magistrate Judge Dancks found that relief is not warranted in this case. *See id.* Currently before the Court is Magistrate Judge Dancks' June 9, 2020 Order and Report-Recommendation, to which Plaintiff has not submitted objections.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL

2

933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [Twombly, 550 U.S.] at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has instructed that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having carefully reviewed the Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should dismiss Plaintiff's amended complaint for failure to state a claim upon which relief may be granted. As Magistrate Judge Dancks correctly noted, Section 1681s-2(b) requires "furnishers of information" to credit reporting agencies to undertake an investigation upon receipt of notice of a dispute from a consumer reporting agency. *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). To state a claim for a violation of Section 1681s-2(b), a plaintiff-consumer must show that (1) a furnisher received notice of a credit dispute from a credit reporting agency and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation. *See Jackling v. HSBC Bank USA, N.A.*, No. 15-cv-6148, 2019 WL 162743, *4 (W.D.N.Y. Jan. 10, 2019). Here, Plaintiff's amended complaint fails to plausibly allege either element of a Section 1681s-2(b)

4

violation, since he does not allege that Defendant received notice of Plaintiff's disputed debt from a consumer credit agency and then negligently or willfully failed to investigate the debt.

Moreover, even assuming Plaintiff had plausibly alleged the elements of his claim, Magistrate Judge Dancks correctly determined that it should still be dismissed as untimely. *See* Dkt. No. 12 at 9-12. Plaintiff's complaint was filed more than two years after he first learned that his credit score had been damaged and none of the so-called series of "extraordinary events" Plaintiff lists in his amended complaint warrant the application of equitable tolling. *See Tenamee v. Schmukler*, 438 F. Supp. 2d 438, 443-44 (S.D.N.Y. 2006). The fact that Defendant may have indirectly benefitted from Plaintiff's alleged false arrest, these events were caused by third-party actors and do not constitute extraordinary conditions that would justify his delay. *See id.*

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 9, 2020 Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2020
　　　　Albany, New York

　　　　　　　　　　　　　　　　　　　　　　　　Mae A. D'Agostino
　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge